*In re* ALTENFELD'S ESTATE.

BUCHANAN *v.* KARLIN.

COURTS—TRANSFERRING HEARING TO ANOTHER JUDGE—LOCAL RULES.
    Transferring petition for probate of will for disposition by an-
    other judge of same circuit, before whom motion to dismiss
    certification of will was then pending, *held,* not in violation of
    local rule or abuse of discretion.

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted June 20, 1933. (Calendar No. 37,253.)
Decided June 29, 1933.

Philip Buchanan presented for probate the will
of Marie Josephine Altenfeld, deceased. Eugenia
Karlin objected. Contest certified to circuit court.
On motion for allowance of will to Judge Merriam.
From order transferring case to Judge Brennan
before whom motion to dismiss certification was
pending, proponent appeals. Appeal dismissed.

*Dohany & Dohany,* for proponent.

*Fritz Hailer* (*Kurt J. Kremlick,* of counsel), for
contestant.

SHARPE, J. The deceased, a resident of the city of
Detroit, executed a last will and testament on July
20, 1932. In it she made certain bequests to three
sisters and a niece and nephew living in Germany,
and some other bequests, and left the residue of her
estate to a niece named Paula Sistig Stevens, of

Detroit. Philip Buchanan was named as executor thereof. She passed away on the following day.

On July 27th Buchanan filed a petition for the probate of the will. The estate was said to consist of about $7,500 in real estate and $25,000 in personalty. An order for the hearing thereof was duly made and publication had. On December 1st, Fritz Hailer, an attorney, acting under a claimed power of attorney executed in Germany by Eugenia Karlin, one of the heirs at law of deceased, appeared and filed objections to its allowance, and asked for its certification to the circuit court. Such order was made and a bond filed by Hailer duly approved.

On April 20, 1933, the attorneys for the executor appeared in the court of Judge Merriam, who at that time had jurisdiction under the rules of that court in miscellaneous and *ex parte* matters, and filed what purported to be consents by all the heirs who were living in Germany to the probate of the will, and asked for its allowance. Judge Merriam suggested that the attorneys who had appeared for Eugenia Karlin should have notice of the petition. He adjourned the matter until the afternoon, when such attorneys appeared and objected to the hearing at that time.

It appeared that a motion to dismiss the certification of the will was then pending before Judge Brennan, and, against the protest of the attorneys for the executor, Judge Merriam transferred the petition to him for hearing, and, when the matter came on before Judge Brennan, the attorneys for the executor declined to take part therein, announcing that they would appeal from the order so transferring it. This court allowed the appeal, and it is now before us for decision.

The local rule on which counsel rely reads as follows:

"5.   Presiding judge in the miscellaneous division.

"(a)   Exclusive authority; alternate.

"No judge other than the judge presiding in the miscellaneous division shall perform any duty or exercise any powers or authority imposed by these rules upon such judge, unless requested so to do by the presiding judge; provided, that each judge presiding in the miscellaneous division shall elect an alternate who shall perform the duties and exercise the powers of such judge when the latter is absent or unavailable.

"(b)   *Ex parte* orders:

"*Ex parte* orders, excepting writs of *habeas corpus,* shall be issued only by the judge presiding in the miscellaneous division."

It seems clear to us that there was no violation of this rule by Judge Merriam. When the attorneys for the foreign heir came into his court in the afternoon, it was then apparent that the petition would be contested and that the judge had no right to make an *ex parte* order admitting the will to probate. There was no abuse of discretion on his part in assigning it for hearing to Judge Brennan, before whom a contested motion in the same suit was pending.

The conclusion reached renders it unnecessary to consider the motion of appellee to incorporate additional matter in the record on this appeal, and it is denied, without costs.

The appeal is dismissed, with costs to appellee.

M<small>C</small>D<small>ONALD</small>, C. J., and C<small>LARK</small>, P<small>OTTER</small>, N<small>ORTH</small>, F<small>EAD</small>, W<small>IEST</small>, and B<small>UTZEL</small>, JJ., concurred.